# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:16-cr-8 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| CHARLES MANDEL MOSS | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

---

## ORDER

---

On March 21, 2017, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation recommending that Defendant not be found competent to stand trial at this time. (Doc. 42.) Neither party filed an objection to the Report and Recommendation within the fourteen-day period of time. For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's Report and Recommendation (Doc. 42).

On March 22, 2016, Defendant filed a motion for a psychiatric evaluation. (Doc. 13.) After a hearing on the motion, Magistrate Judge Steger issued an order that committed Defendant to the Federal Medical Center in Lexington, Kentucky, for a mental health evaluation pursuant to 18 U.S.C. §§ 4241 and 4247. During the evaluation period, Defendant was examined by Dr. Betsy Campbell, a forensic psychologist. On July 19, 2016, Dr. Campbell issued her sealed mental health report, which determined that Mr. Moss was competent to stand trial. (Doc. 21.) After his release, Defendant filed a motion for competency hearing on July 25, 2016. (Doc. 22.) After several justifiable delays, Defendant filed a second motion for competency hearing on January 19, 2017. (Doc. 36.) On February 6, 2017, Magistrate Judge Steger held a mental competency hearing. (Doc. 40.)

After the mental competency hearing, Magistrate Judge Steger noted that the conclusions reached by Dr. Campbell's mental health report were inconsistent with certain observations. (Doc. 42, at 5.)  For instance, while Dr. Campbell's report noted that Defendant suffers from longstanding, persistent, paranoid delusions and that Defendant was consistently observed as expressing paranoid thinking regarding his beliefs that others were out to kill him and that a GPS chip had been implanted in his eyes, she found that he could control his presentation and avoid expression of these paranoid delusions.  (*Id.* at 4–5.)  The Magistrate Judge also noted that while Dr. Campbell's testimony on direct examination during the hearing was consistent with the findings in her report, her testimony on cross-examination and upon questioning by the Court conceded that Defendant has been diagnosed with schizophrenia on several occasions and may currently have paranoid schizophrenia.  (*Id.* at 5–6.)

In addition to Dr. Campbell's testimony, the Magistrate Judge noted that other parties had provided information to the Court to illustrate that there are significant difficulties in attempting to communicate with Defendant given his condition.  For instance, Dr. Katie Smith, a psychologist hired to perform an independent evaluation, testified that she was unable to evaluate Defendant because he refused to cooperate or engage in meaningful conversation with her.  (*Id.* at 6.)  And, the Court noted that Defendant's own counsel had faced similar problems.  (*Id.*)

Based on the totality of the record, Magistrate Judge Steger found that it is impossible for him to conclude that Defendant is currently able to work collaboratively with his attorney in preparing his defense.  (*Id.* at 8.)  Thus, he recommended the Court find, by a preponderance of the evidence, that:

1. Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense; and

2. Defendant should be committed to the custody of the Attorney General for such a period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward or the pending charges are disposed of according to law, whichever is earlier.

(*Id.* at 8.)

After reviewing the record, the Court agrees with Magistrate Judge Steger's Report and Recommendation. In light of the inconsistencies in Dr. Campbell's findings and the empirical evidence with regard to Dr. Smith, defense counsel, and the Magistrate Judge, the Court finds that Defendant should be found not competent to stand trial at this time. Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R pursuant to 28 U.S.C. § 636(b)(1) and **FINDS**, by a preponderance of the evidence that:

1. Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense; and

2. Defendant is **COMMITTED** to the custody of the Attorney General of the United States, pursuant to 18 U.S.C. § 4241(d), for such a period of time—not to exceed four months—as is necessary to determine whether there is a substantial probability that he will attain the capacity to permit the proceedings to go forward in the foreseeable future; and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward or the pending charges are disposed of according to

law, whichever is earlier.

If, at the end of the time period specified, it is determined that Defendant's mental condition is not so improved as to permit the proceedings to go forward, Defendant will be subject to the provisions of 18 U.S.C. § 4246 and 4248.

**SO ORDERED.**

_/s/_*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**